IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AARON ALEXANDER JOHNSON, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AT&T, )<br>) | 2:23-CV-00814-MJH |

        Defendant,

OPINION

    Aaron Alexander Johnson commenced this proceeding by filing a motion to proceed *in forma pauperis* (IFP) and attaching a Complaint seeking to establish claims under the Americans with Disabilities Act against AT&T. (ECF No. 1-1).

    The Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). The Court finds Mr. Johnson to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

    Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Id.* at 327. An example of the first is where a defendant enjoys immunity from suit. *Id.* An example of the second is a claim describing a factual scenario which is fantastic or delusional. *Id.* at 328. In

addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

While the Court would be within its power to conduct such inquiry, the review of Mr. Johnson's Complaint raises fundamental jurisdictional issues that will mandate dismissal.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court, sua sponte, to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case.  Generally, subject-matter jurisdiction arises through the assertion of a federal question or through the diversity of the parties.  If a case, as presented by the plaintiff, does not meet the requirements of subject-matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action.  Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from" the defendant. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co.*, 836 F.3d at 267.

Mr. Johnson asserts subject-matter jurisdiction based upon a federal question via the Americans with Disabilities Act.  (ECF No. 1-2).  Federal question jurisdiction is defined as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. § 1331.  Here, the allegations in the Complaint do not invoke any provisions of the Americans with Disabilities Act.   Mr. Johnson avers that he purchased an iPhone 14 Pro Max, signed a two-year contract, and that said iPhone did not operate upon purchase.  (ECF No. 1-1 at ¶ 4).  Such allegations raise no more than a common law state law breach of contract claim and

not a federal question.  Accordingly, this Court cannot maintain jurisdiction over Mr. Johnson's claim based upon a federal question.

Given Mr. Johnson's *pro se* status and giving him the benefit of the doubt, the Court will also examine the potential for his establishment of subject-matter jurisdiction through diversity. Diversity jurisdiction is defined by statute in relevant part as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States

28 U.S.C. § 1332(a)(1).  In short, a plaintiff must allege diverse citizenship and an amount of controversy that exceeds $75,000.  When examining  "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, "pie-in-the-sky," or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

Here, as regard diverse citizenship, Mr. Johnson alleges that he is a resident of Pennsylvania and that Defendant, AT&T, is a resident of Texas.  (ECF No. 1-1 at ¶¶ 1-2) However, with regard to an amount in controversy, Mr. Johnson avers that he seeks $75,000 in restitution, the cost of the phone, and ADA damages.  *Id*. at ¶¶ 5-6.  As discussed above, the allegations and context of Mr. Johnson's Complaint does not invoke the ADA, and as such, no ADA damages or remedies would be available.  At most, Mr. Johnson's Complaint, if true, avers a potential breach of contract for a defective phone.  As such, a demand for $75,000 in restitution is unrealistic in this context.  Therefore, Mr. Johnson's Complaint would not invoke diversity jurisdiction under Section 1332(a)(1).

Accordingly, because Mr. Johnson's Complaint cannot establish subject-matter jurisdiction on the basis of federal question or diversity, his Complaint will be DISMISSED. And because the content of his Complaint makes it clear that federal jurisdiction is not appropriate, no leave to amend will be granted.

A separate Order, pursuant to Federal Rule of Civil Procedure Rule 58 will follow.

DATED this 26th day of September, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE

Sent via mail to:

AARON ALEXANDER JOHNSON
1111 RESERVOIR AVE.
MONESSEN, PA 15062